# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DAMON YOUNG,

    Plaintiff,

v.

CIVIL ACTION NO.: CV613-032

BRIAN OWENS, Commissioner;
Director SMITH; Chaplain Director
DANNY HORNE; BRUCE CHATMAN,
Warden; VALIANT LYTE, Chaplain;
Deputy Warden JOHN PAUL;
RANDY TILLMAN, Facilities Operation
Director; JOHNNY SIKES, Deputy
Director; JACK KOON, Administration
Support Services; TOM McELHENNEY,
Offender Administration Manager;
JACKIE L. KELSEY, Assistant Manager;
and SUZANNE YORK, Center
Referral Coordinator,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Valdosta State Prison in Valdosta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, *et seq.* ("RLUIPA"), contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss, to which Plaintiff filed a Response. Defendants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion should be **GRANTED** in part, and **DENIED** in part.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Owens, Smith, Horne, Tillman, Sikes, Koon, McElhenney, Kelsey, and York have violated: his First Amendment rights under the Free Exercise Clause and Establishment Clause; RLUIPA; and his rights pursuant to the Fourteenth Amendment by changing the Standard Operating Procedure governing which sacred items are allowed in the prison setting. Plaintiff also asserts that these Defendants have instituted the Georgia Package Program, which is the only place from which prisoners can receive religious items. Plaintiff alleges that Defendants Chatman, Paul, and Lyte denied him the right to observe special religious ceremonies and did not allow him to enjoy the same amount of worship time as prisoners of other religions. Plaintiff contends that all Defendants retaliated against him through policy changes and transferring him. Plaintiff requests a declaratory judgment, a preliminary and permanent injunction, and punitive damages.

Defendants assert that Plaintiff's claims should be dismissed because his punitive and nominal damages claims are precluded absent physical injury pursuant to 42 U.S.C. § 1997e(e), he fails to state a claim under 42 U.S.C. § 1983, and he is not entitled to injunctive relief.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Ashcroft, 556 U.S. at 678 (citation omitted).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation omitted) (internal quotation marks omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Muhammad v. Sapp, 494 F. App'x 953, 955 (11th Cir. 2012).

## DISCUSSION AND CITATION TO AUTHORITY

I. **1983 Claims**

A. **First Amendment Claim**

Defendants contend that the four (4) factors of Turner v. Safley, 482 U.S. 78 (1987), favor a finding that Plaintiff's First Amendment right to free exercise of religion was not violated. The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). "Prisoners retain

their First Amendment rights, including rights under the free exercise of religion clause; however, 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Brunskill v. Boyd, 141 F. App'x 771, 774 (11th Cir. 2005) (citation omitted). "Deference is given to prison officials, and, as a result, courts employ a 'reasonableness' test to determine whether a regulation infringes constitutional rights." Id. (citation omitted).

The Supreme Court has outlined four factors to be considered in determining the reasonableness of a regulation: (1) whether the regulation has a "valid, rational connection" to a "legitimate governmental interest;" (2) "whether there are alternative means of exercising the right that remain open;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89–90. The fourth factor asks "whether the prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a *de minimis* cost to the valid penological goal." Overton v. Bazzetta, 539 U.S. 126, 136 (2003).

"First Amendment Free Exercise Clause precedent is clear: a plaintiff must allege a constitutionally impermissible burden on a sincerely held religious belief to survive a motion to dismiss." GeorgiaCarry.Org., Inc. v. Ga., 687 F.3d 1244, 1256 (11th Cir. 2012). "This is so because, as a threshold issue—before a court even considers whether a law is subject to the rational basis test or, alternatively, strict scrutiny—a court must be able to determine that the protection of the Free Exercise Clause is triggered."

AO 72A
(Rev. 8/82)

Id. "To plead a valid free exercise claim, [a plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1294 (11th Cir. 2007) (citation omitted). Plaintiff must allege "'enough factual matter (taken as true) to suggest' that his religious belief [is] sincerely held . . . 'plausible grounds to infer' that it [is] sincerely held . . . and 'identify[ ] facts that are suggestive enough to render [the sincerity of his belief] plausible[ ]' . . . That is all that is required at this stage of the litigation." Id. at 1296 (alteration in original) (citations omitted).

Plaintiff has alleged sufficient factual matter to meet this standard. He has also alleged that that the government has impermissibly burdened his beliefs. The undersigned recognizes Defendants' assertion that the elimination of the "pipe" and "tobacco" from the list of approved items may be rationally connected to the curtailing of the use of tobacco and smoking in prisons. However, the undersigned also recognizes that Plaintiff, who is proceeding *pro se*, should have an opportunity to present evidence that such action does not meet the "reasonableness" test factors set forth in Turner as to his religious beliefs and practices. The pleadings before the Court do not reveal that Plaintiff's contention that Defendants violated his First Amendment rights are beyond plausibility.

### B. Equal Protection Clause Claim

Defendants contend that Plaintiff failed to state an equal protection claim because he fails to show how Defendants acted with discriminatory intent or purpose. "To establish a claim under the Equal Protection Clause, a prisoner can allege that '(1) he is similarly situated with other prisoners who received more favorable treatment; and

AO 72A
(Rev. 8/82)

(2) his discriminatory treatment was based on some constitutionally protected interest such as race.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 12 (11th Cir. 2010) (citation omitted) (quoting another source).

Plaintiff clearly contends that inmates of other religions are permitted to order religious items, are allowed a place to worship, are allowed at least three hours of worship, and that he is prohibited from observing special religious ceremonies and is allowed only thirty minutes of worship. Plaintiff further alleges that the religious items were not removed from the SOP, even after a no smoking policy was implemented, until Plaintiff filed a suit pursuant to 42 U.S.C. § 1983.

Taking these allegations as true, Plaintiff states a claim under the Equal Protection Clause and should be permitted to present evidence regarding this claim.

### C. Damages

Defendants assert that Plaintiff cannot recover monetary damages in the absence of a physical injury.

> Congress placed various restrictions on the ability of prisoners to seek judicial relief and the form such relief may take . . . among these restrictions is 42 U.S.C. § 1997e(e), . . . entitled 'Limitation on recovery' and provides in full: 'No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'

Al-Amin v. Smith, 637 F.3d 1192, 1198 (11th Cir. 2011) (quoting 42 U.S.C. § 1997e(e)). The Eleventh Circuit's decision in Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) foreclosed the recovery of punitive damages when a plaintiff's constitutional claim does not meet § 1997e(e)'s physical injury requirement, "though it left open the possibility that nominal damages might still be recoverable despite § 1997e(e)'s limitation on recovery."

Id. Since the plaintiffs did not seek nominal damages in Harris, the court expressed "no view on whether section 1997e(e) would bar an action for nominal damages that are normally available for the violation of certain 'absolute' constitutional rights, without any showing of actual injury." Id. at 1196 (citation omitted).

"While § 1997e(e) precludes a prisoner from seeking compensatory or punitive damages without a prior showing of physical injury, it does not preclude a prisoner from seeking nominal damages." Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (citation omitted); see also Al-Almin, 637 F.3d at 1198 (citations omitted) ("It is clear from our case law . . . that nominal damages may still be recoverable."). "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hale, 345 F. App'x at 492 (citation omitted). "Moreover, a district court may award nominal damages to remedy a First Amendment violation." Id. (citation omitted). "An inmate states a First Amendment claim where he alleges he was retaliated against for filing a grievance." Id. (citation omitted). Courts should construe *pro se* pleadings liberally, which in some circumstances would warrant a finding that Plaintiff seeks nominal damages. See id.

Plaintiff has not shown that he suffered physical injury; therefore, he cannot recover punitive damages. However, Plaintiff's recovery of nominal damages based on his First Amendment claim and his equal protection claim are not barred.

### D. Respondeat Superior

Defendants argue that, to the extent Plaintiff attempts to hold Defendants liable for others' alleged actions, he does not state a claim pursuant to 42 U.S.C. § 1983.

7

Plaintiff asserts that he does not intend to hold any Defendant liable for the actions of another.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" Hicks v. Ferrero, 241 F. App'x 595, 597 (11th Cir. 2007) (alteration in original) (citation omitted) (quoting another source). "Rather, supervisor liability only can be established when: (1) the supervisor personally participated in the alleged constitutional violation, or (2) there was a causal connection between the supervisor's actions and the alleged constitutional violation." Id. at 597-98 (citation omitted). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. at 598 (citation omitted) (quoting another source). This connection is also established when an improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Id. (alteration in original) (citation omitted) (quoting another source).

Plaintiff asserts that his claims regarding the policy changes are against Defendants Owens, Smith, Horne, Tillman, Sikes, Koon, McElhenny, Kelsey and York. Plaintiff's claims regarding his worship time and place and observance of ceremonies are against Defendants Chatman, Paul, and Lyte. Plaintiff states that each Defendant acted on their own in violation of his constitutional rights. As Plaintiff's claims are plausible, he should be permitted to present evidence on the issue of a causal connection due to an improper custom or policy.

AO 72A
(Rev. 8/82)

## II. RLUIPA Claim

Defendants assert that Plaintiff does not state a RLUIPA claim against them because his "alleged inconvenience was not a substantial burden on his religious rights." (Doc. 54, p. 7). Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Congress enacted RLUIPA, in part, "[t]o secure redress for inmates who encountered undue barriers to their religious observances." Cutter, 544 U.S. at 716–717. "To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened." Gardner v. Riska, 444 F. App'x 353, 354-55 (11th Cir. 2011). If the plaintiff establishes a prima facie claim, the burden shifts to the defendant to demonstrate that the action meets the conditions set forth in 42 U.S.C. § 2000cc-1(a).

Defendants fail to cite to any authority which necessitates the dismissal of Plaintiff's RLUIPA claim without further factual development. Plaintiff asserts that he cannot: pray; order the sacred items he needs; and cannot perform religious ceremonies. Plaintiff's allegations, liberally construed, are sufficient to allow him to move forward with his claim, and he should have the opportunity to present evidence regarding this claim.

AO 72A
(Rev. 8/82)

## III. Injunctive Relief

Defendants argue that Plaintiff's claims for injunctive relief are not narrowly drawn nor the least intrusive means necessary. Defendants contend that his claims against Chatman, Paul, and Lyte are moot because he was transferred out of Georgia State Prison. Plaintiff's claims against Defendants Chatman, Paul, and Lyte regard their alleged refusal to allow Plaintiff the same amount of worship time as other inmates and to observe special religious days and ceremonies.

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, __ U.S. __, 131 S. Ct. 1651 (2011) (citation omitted). "The fundamental question with respect to mootness is whether events have occurred subsequent to the filing of an appeal that 'deprive the court of the ability to give the . . . appellant meaningful review.'" Id. (citation omitted) (quoting another source).

Plaintiff requests that the Court order that the SOP guidelines be changed. He requests that he receive at least three hours of worship time, a place to worship, and be permitted to observe six main religious ceremonies. The Court does not have the ability to effectuate the remedy Plaintiff seeks regarding his place of worship, the time permitted, and observance of ceremonies as it applies to Defendants Chatman, Paul and Lyte. Plaintiff is no longer subject to these Defendants' decision regarding Plaintiff's claims.

AO 72A
(Rev. 8/82)

## IV. Qualified Immunity

Defendants assert that they are entitled to qualified immunity for monetary damages claims brought against them in their individual capacities. Defendants state that they were acting within the scope of their discretionary authority, and there is no law that would have put Defendants on notice that their alleged conduct amounted to a constitutional violation.

Qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (citation omitted) (quoting another source). "[W]hether 'the facts alleged show the officer's conduct violated a constitutional right . . . *must* be the initial inquiry' in every qualified immunity case." Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citation omitted) (quoting another source). "Only after completing this first step . . . may a court turn to 'the next, sequential step,' namely, 'whether the right was clearly established.'" Id. (citation omitted) (quoting another source). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (citation omitted) (quoting another source).

AO 72A
(Rev. 8/82)

Plaintiff sufficiently pled claims against Defendants under the First and Fourteenth Amendments. Plaintiff has failed to identify pre-existing law which holds the alleged activity to be a clear violation of Plaintiff's constitutional rights. However, it was clearly established that Plaintiff had a constitutional right to the free exercise of his religion, and "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Plaintiff states that his religious exercise was substantially burdened.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Hicks, 241 F. App'x at 597 (citation omitted) (quoting another source). "A prisoner can establish retaliation by demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment.'" Id. (citation omitted) (quoting another source). "With respect to the equal protection claim, the allegation that members of one religion are not afforded an opportunity to observe their faith comparable to that afforded fellow inmates who adhere to different precepts states a claim under the First and Fourteenth Amendments." Saleem v. Evans, 866 F.2d 1313, 1317-18 (11th Cir. 1989) (citation omitted). In liberally construing Plaintiff's claims for equal protection and retaliation, the Court finds that the law regarding such was clearly established to put officials on notice.

However, whether the prohibition of an inmate's pipe and tobacco used for religious purposes is a constitutional violation was not clearly established. Therefore, no clearly established precedent existed to give officials fair warning that their conduct of removing these items was unlawful. Absent liability for damages in Defendants'

12

individual capacities, pursuant to RLUIPA, it is unnecessary to address qualified immunity regarding this claim.

Defendants are entitled to qualified immunity on Plaintiff's claims for the removal of sacred items from the SOP, but are not entitled to qualified immunity on Plaintiff's remaining claims.

## CONCLUSION

Defendants' Motion to Dismiss should be **GRANTED** in part, and **DENIED** in part. Defendants' Motion regarding punitive damages, qualified immunity for the removal of sacred items, and injunctive relief for time, place, and observance of ceremonies as it applies to Defendants Chatman, Paul, and Lyte should be **granted**. Otherwise, Defendant's Motion should be **denied**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)