# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DAMON YOUNG,

    Plaintiff,

v.

CIVIL ACTION NO.: CV613-032

BRIAN OWENS, Commissioner;
Director SMITH; Chaplain Director
DANNY HORNE; BRUCE CHATMAN,
Warden; VALIANT LYTE, Chaplain;
Deputy Warden JOHN PAUL;
RANDY TILLMAN, Facilities Operation
Director; JOHNNY SIKES, Deputy
Director; JACK KOON, Administration
Support Services; TOM McELHENNEY,
Offender Administration Manager;
JACKIE L. KELSEY, Assistant Manager;
and SUZANNE YORK, Center
Referral Coordinator,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Defendants filed Objections. Plaintiff filed a Response and Defendants filed a Reply. Defendants contend that Plaintiff: (1) does not state a First Amendment claim; (2) does not state an equal protection claim; (3) should not be permitted to establish supervisory liability; (4) cannot recover monetary damages; (5) cannot recover damages because Defendants are entitled to qualified immunity; (6) does not state a RLUIPA claim; and (7) is not entitled to injunctive relief.

The standard of review in determining a motion to dismiss is whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (citation omitted). Based upon the Plaintiff's pleadings, the court may draw reasonable inferences. See id. Defendants assert that Plaintiff failed to allege that their actions prohibited him from a mandated activity or required him to participate in a prohibited activity. However, as the Magistrate Judge correctly noted, all that is required at this stage of litigation is that the Plaintiff "allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" (Doc. 61, p. 5) (quoting Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1294 (11th Cir. 2007) (citation omitted)). Plaintiff alleged sufficient facts to meet this standard and state a First Amendment claim. Similarly, Plaintiff's allegations, liberally construed, sufficiently plead a RLUIPA claim—as he alleges how his religious exercise was substantially burdened— and an equal protection claim—as he contends that inmates of other religions received more favorable treatment.

Defendants assert that Plaintiff should not be permitted to establish supervisory liability. As *pro se* pleadings are held to a less stringent standard and are liberally construed and Plaintiff's claims are plausible, the Magistrate Judge correctly recommended that Plaintiff be permitted to present evidence concerning a causal link due to improper custom or policy.

Defendants' argument that Plaintiff cannot recover nominal damages must fail as the Eleventh Circuit precedent does not support this assertion. In support of their contention Defendants cite to the decision in Al-Amin v. Smith, 637 F.3d 1192 (11th Cir.

AO 72A
(Rev. 8/82)

2011). Defendants argue that Plaintiff cannot recover "monetary damages where he does not allege and show that he suffered a physical injury that is more than *de minimis*." (Doc. 77, p. 4). However, the court ruled that the plaintiff could not recover *punitive* damages in the absence of physical injury. Al-Amin, 637 F.3d at 1199. The opinion clearly noted that the opinion in Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999), "left open the possibility that nominal damages might still be recoverable despite § 1997e(e)'s limitation on recovery." Id. at 1198. The court stressed "that [its] opinion d[id] not address Al–Amin's ability to recover nominal damages, as this issue [wa]s not presently before" the court. Id. at 1199 n.10. Thus, Defendants fail to cite any authority supporting their proposition that nominal damages are prohibited.

Defendants argue that there is no binding precedent establishing that the policy changes, package programs and worship restrictions violated Plaintiff's constitutional rights. In his Report and Recommendation, the Magistrate Judge agreed with this argument concerning the removal of the sacred items from the SOP and prohibiting the use of such items. Therefore, the Objection regarding such is not necessary to address. However, the Magistrate correctly rejected the argument that there was no clearly established law regarding worship restrictions. In this Circuit, it is clearly established that an inmate states a claim under the First and Fourteenth Amendment when he alleges that he is not afforded a comparable opportunity to observe his religion as is afforded to inmates of other religions. It is also established that the "First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Hicks v. Ferrero, 241 F. App'x 595, 597 (11th Cir. 2007). As the

3

law is clearly established regarding Plaintiff's claims for retaliation and equal protection, Defendants are not entitled to qualified immunity for such.

Furthermore, Defendants cite no authority necessitating that Plaintiff's request for injunctive relief regarding the SOP's inclusion of sacred items be dismissed, but only that such would "necessitate the Federal court's involvement in the State's prison system." (Doc. 64, p. 10; Doc. 77, p. 7). Therefore, this argument must fail.

Defendants' Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED** in part, and **DENIED** in part. Defendants' Motion regarding punitive damages, qualified immunity for the removal of sacred items, and injunctive relief for time, place, and observance of ceremonies as it applies to Defendants Chatman, Paul, and Lyte is **GRANTED**. Otherwise, Defendants' Motion is **DENIED**.

**SO ORDERED**, this 26 day of June, 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4